RECEIVED

SEP 06 2023

PRO SE OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LAWRENCE G. CAMPBELL
Plaintiff,

     v.

Eric L. Adams, Mayor,
Edward A. Caban, New York City
Police Commissioner,
New York City Police Department,
Raymond V. Persaud Badge#3771
Police Officer Anthony Patti Badge#106,
     Defendants

Civil Action No.:

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

---

### NATURE OF THE COMPLAINT

1.This action is for declaratory judgment, permanent injunctive relief, damages, costs, and attorneys fees, alleging  deprivation of  rights by a state  or local official in violation of  42 U.S.C. § 1983,  4th amendment of the U.S Constitution, Equal Protection clause of the U.S. Constitution, 21 U.S.C§ 802(16)(B)(i), and 18 U.S.§ 1951.

2. On December 20,2018, congress enacted the 2018 Farm Bill, Pub. L.  No. 115-334.

3. The newly enacted law  decriminalized Hemp and allowed for the production and sale of Hemp within the United States of America.

4. On December 16,2021, Plaintiff filed Articles of Organization for his Canabinoid hemp retail business "Bugzy's Bud spot LLC".

5. In May  2022, Plaintiff ,  received his Canabinoid Hemp Retail license from the  New York State Office of Cannabis Management and began to sell canabinoid Hemp and other Hemp related products.

6. On August 20, 2022, at approximately  Linden Boulevard and 165th in Jamaica Queens, without a warrant ,Police officer Anthony Patti, Badge #106,  Sergeant Raymond Persaud ,

badge #3771 and others, entered plaintiffs business , a parked bus with the company name on a banner attached to the bus, confiscated undisclosed amounts of hemp, arrested newly hired employee and confiscated the bus.

7. Plaintiff explained to all officers present that he has a license to sell Hemp, which is not a controlled substance, from Office of Cannabis Management and Certificate of Authority to collect sales tax displayed in the window.

8. Officers disregarded the displayed license and NYS Department of Tax and Finance issued Certificate of Authority and wrote the employee two Criminal Court Appearance tickets; one for unlicensed vendor and  another for unlawful possession of cannabis.

9. Unwarranted search and seizure of the business, along with the confiscation of lawful products and arrest of plaintiff's employee were all violations of  42 U.S.C.§1983, as well as New York State law and Common law  and plaintiff now seeks  redress in this complaint.

## JURISDICTION AND VENUE

10. Jurisdiction is through  42 U.S.C. § 1983. The Court also has supplemental jurisdiction under 28 U.S.C. §1367(a) over the state law claims of trespass to Chattel, negligence, negligent infliction of emotion distress, intentional infliction of emotional distress.

11. Venue is proper because the claims arose in the Eastern District of New York.

## PARTIES

12.  Plaintiff , Lawrence Campbell resides at 112-02 168th Street  Jamaica NY 11433.

13.  Defendant, Mayor Eric L. Adams is the Chief  Executive Officer of the City of New York. He resides at E88th Street, New York , NY10028  In Care of  Gracie Mansion

14.  Defendant THE CITY OF NEW YORK (Hereinafter referred to as

"THE CITY") is a body corporate and politic, duly organized and existing under and by virtue of the laws of the State of New York, and pursuant to law is capable of suing and being sued in this court.

15. At all times hereinafter mentioned THE NEW YORK CITY  POLICE DEPARTMENT(Hereinafter referred to as "NYPD") was and still is a subdivision subject to the control of  THE CITY.

16. Upon information and belief, NYPD is a division of THE CITY organized and existing under and by virtue of the laws of THE CITY and the State of New York.

17. Defendant THE CITY is responsible for the policies, practices and customs of NYPD.

18. Defendant THE CITY is responsible for the hiring training, supervision, retention, control and discipline of NYPD and its officers.

19. Defendant THE CITY is and was the employer of the personnel named herein as individual defendants.

20. Defendant THE CITY is also responsible for the operation, practices, and totality of conditions of the NYPD.

21. NYPD is responsible for the policies, practices and customs of NYPD.

22. NYPD is responsible for the hiring training, supervision, retention, control and discipline of NYPD and their officers.

23. NYPD is and was the employer of the personnel named herein as individual defendants.

24. NYPD is also responsible for the operation, practices, and

totality of conditions of the NYPD.

25. THE CITY acts, or fails to act through its policy-making officials including but not limited to its supervisor, town board, and the chief of the NYPD; the acts and edicts of these policy-making officials represent also the policies, practices and customs of THE CITY.

26. Defendant, Police Commissioner Edward A. Caban, is the Chief Executive of the New York City Police Department, the head quarters of the NYPD is located at 1 Police Plaza, 1 Police Path, New York, NY 10038.  Address applies to both Parties .

27. Defendant, Police Officer Anthony Patti, Badge#106, Tax ID# 973655, is a employee of the New York City Police Department. During the time when occurrence took place he was working at the 113th Precinct located at 167-02 Baisley Boulevard, Queens, NY 11434.

28. Defendant, Sergeant Persaud, Badge # 3771, Tax ID#943675 is a employee of the New York City Police Department. During the time when occurrence took place he was working at the 113th Precinct located at 167-02 Baisley Boulevard, Queens, NY 11434.

29. THE CITY and NYPD have, jointly and severally, a constitutional and statutory responsibility for the conditions at the NYPD and are jointly and severally responsible for ensuring that the operations of said precinct are in conformity with constitutional requisites.

30. THE CITY and NYPD are and were jointly and severally responsible for ensuring that the police officers of the NYPD and more specifically those officers named as defendants herein, obeyed the regulations of the NYPD, THE CITY, the ordinances and laws of THE CITY, and the laws and the Constitution of the State of New York and the United States.

31. Defendants Caban, Persaud, and Patti are and were police officers of the NYPD and employees of the NYPD and of THE CITY, and at all times herein were acting in such capacity as the agents, servants and employees of NYPD and THE CITY.

32. The defendant officers were at all times relevant to this complaint duly appointed and acting officers of the NYPD and of THE CITY, acting under color of law; to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and THE CITY and NYPD.

33. At all times relevant hereto and in all of their actions described herein, each defendant was acting under color of law, state authority, statute, custom or usage, and pursuant to their official authority. All of the actions were done intentionally.

34. Plaintiff in furtherance of his causes of action brought under New York State law filed a timely Notice of Claim against the City of New York in compliance with the Municipal Law Section 50 and in accordance with New York State law.

35. Per New York State law and General Municipal Law Section 50, Plaintiff testified at a hearing held pursuant to General Municipal Law Section 50-H on December 22, 2022.

36. More than thirty (30) days have elapsed since the service of said Notice of Claim was filed and the City of New York has failed to pay or adjust the claims.

37 . This action falls within one or more of the exceptions as outlined in CPLR Section 1602, involving intentional actions, as well as the defendant, and/or defendants, having acted in reckless disregard for the safety of others, as well as having performed intentional acts.

### FACTUAL BACKGROUND

#### *2018 Decriminalization of Hemp*

38. The 2018 Farm Bill, Pub. L.  No. 115-334., not only renewed previously codified agricultural laws, but it also changed how the country would deal with cannabis, specifically  Hemp moving forward.

39. Following the passage the 2018 Farm Bill,  21 U.S.C §802 (16)(B)(i) states " the terms marihuana and marijuana does not include hemp as defined in section 1639o of title 7". Id

40. 7 U.S.C § 1693o (1) states "hemp means the plant Cannabis Sativa L. and any part of that plant including seeds thereof and all derivatives, extracts, cannabinoids … with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis". Id.

41. According to 21 U.S.C. § 812 (c)(c) (17) , tetrahydrocannabinol is a Schedule one drug except for "tetrahydrocannabinol in hemp (as  defined in section 1639o of title 7)". Id.

42. It is undeniable that as a matter of federal law Hemp is cannabis but is not marijuana nor is it a controlled substance.

### *NYPD Arrest and Civil Rights Violation(s)*

43. On May 17, 2022  the NYS Office of Cannabis Management issued plaintiff his Canabinoid Hemp Retail License. ( Exhibit 1 )

44. On August 20, 2022,  at  approximately , Plaintiff's vehicle was parked in the vicinity of Linden Boulevard and 165th Street, County of Queens, New York, when defendant Sergeant Persaud  and other  defendant Police Officers unlawfully arrested Plaintiff's employee Glen Richardson ("Richardson") and seized the Plaintiff's property, namely a bus " Bugzy's Bud spot LLC", (Exhibit 2), out of which he lawfully engaged in the sale of cannabinoid hemp products under a New York State cannabinoid hemp retail licenses retail license. (Exhibit 3)

45. The actions of the Defendant Officers were without probable cause or legal justification.

46. Upon information and belief, the Plaintiff's employee Mr. Richardson was inside the Plaintiff's vehicle as it was lawfully parked with the engine off at the aforementioned place and time when defendant officers approached the vehicle in three separate marked patrol vehicles.

47. Upon information and belief, the Defendant officers wearing bulletproof vests approached the Plaintiff's employee Mr. Richardson as he was seated in the front seat of the vehicle and began to question him as to the vehicle and inquired if the vehicle was licensed.

48. Plaintiff provided his employee with copies of all documents related to the operation of the vehicle and the operation of Plaintiff's business out of it.  Such included but were not limited to the vehicles' insurance, and registration, the Plaintiff's New York State Tax Certificate (Exhibit 4), and the Plaintiff's New York State cannabinoid hemp retail license.

49. Upon information and belief, the Defendant officers took the paperwork from Plaintiff's employee,  reviewed it, and then ordered Mr. Richardson to out of Plaintiff's vehicle so that they could search the vehicle without probable cause, or permission.

50. Upon information and belief, Mr. Richardson told the Defendant officers that he would not exit the vehicle and that he would not consent to search of it as the Plaintiff who is a New York State Licensed Attorney told him that no one is to go on the bus without the Plaintiff's express permission.

51. Mr. Richardson called Plaintiff to tell him what has going on.

52. Plaintiff told Mr. Richardson to request that the Defendant Officers wait for Plaintiff to arrive as he was a short distance away.

53. Upon information and belief one of the Defendant Officers then forcefully grabbed Mr. Richardson, pulled him off the vehicle put him against the wall in front of the vehicle as members of the public were looking on.

54. Plaintiff arrived and was shocked and appalled to see ten to fifteen  Defendant Officers aboard his vehicle and rummaging through his property.

55. The Plaintiff was equally shocked to see his employee Mr. Richardson in handcuffs being placed by the defendant officer into the back of the police vehicle as at no time relevant herein did Mr. Richardson commit a crime or violate the law in any way, nor did the police officers have an objective reason to accuse Plaintiff or his employee Mr. Richardson of committing a crime or violating the law in any way.

56. Plaintiff attempted to talk with the defendant officers and inquired if Mr. Richardson had shown the offices all of the documents related to Plaintiff's business including the licenses from the New York State Office of Cannabis Management.

57. The Defendant Officer acknowledged that Mr. Richardson did, but Defendant Officer opined wrongfully that such was fake and ordered that  Mr. Richardson be arrested and that the Plaintiff's vehicle be seized.

58. Plaintiff informed the Defendant officer that he was a licensed New York State attorney and that he was one of the first people in New York State to receive a New York State cannabinoid hemp retail license. The Plaintiff also offered to show the Defendant Officer the Email he received directly from the New York State Office of Cannabis Management that enclosed the license. The Officer would have none of it!

59. The Plaintiff followed the Defendant Officers back to the 113th Precinct. He saw the Defendant Officers lead Mr. Richardson in shackles into the precinct and he saw the defendant officers aboard his vehicle. (Exhibit 5 )

60. He saw several of the Defendant officers rummage through his vehicle and remove his property from the vehicle carrying it into the 113th Precinct.

61. The Plaintiff entered the 113th Precinct hoping to talk with someone who would listen to him and verify his paperwork and thereby secure both Mr. Richardson's release and that of his vehicle.

62. Unfortunately,  such hopes were dashed as the Defendant Officers would not listen to him and only treated him with disdain and a lack of respect.

63. After several hours and with little explanation one of the defendant officers advised me that there were going to release my vehicle and that Mr. Richardson was going to be given a desk appearance ticket. When Plaintiff inquired if the Defendant Officers would be returning the Plaintiff's property that they removed from the Plaintiff's vehicle he was advised that they would not.

64. At no point did Defendant Officers recover any illegal drugs, weapons, graffiti instruments, or other illegal contraband from Plaintiff's vehicle.

65. Nevertheless, Plaintiff was unlawfully and without due process deprived of his property by the Defendant Officers without legal justification or probable cause when the Defendant Officers removed the Plaintiff's vehicle from the scene and transported it to the 113th Precinct.

66. Some of the police officer defendants observed the violation of Plaintiff's rights under the Constitution of the United States and New York State Law and did nothing to prevent

their fellow officers from unjustifiably arresting, confining, and using force against Plaintiffs employee or unlawfully confiscating plaintiffs property .

## COUNT ONE

## (42 U.S.C. § 1983)

### As to All Defendants

67. Paragraphs 1 through 66 are realleged and incorporated herein by reference.

68. Officer Anthony Patti and Sergeant Persuad under the color of law, deprived plaintiff of 4th Amendment rights of protection from unwarranted searches and seizures when they entered plaintiffs legal business without a warrant, arresting plaintiffs employee, took company product without providing a voucher, driving company vehicle without permission of the owner and never returned stolen property.

69. Defendant Mayor Eric Adams and the Defendant Police Commissioner did encourage police officers to confiscate and arrest alleged unlawful sellers cannabis without distinguishing that not all cannabis was a controlled substance which means not all cannabis is subject to confiscation or detention due to possession.

70. The actions of Officer Anthony Patti , Sergeant Persuad , and other officers that under the color of law was deprivation the right of protection against unlawful searches and seizures. Defendants Mayor Eric L. Adams and Police Commissioner Edward A. Caban openly supported the confiscation cannabis and detention of individuals selling cannabis fully aware that not all cannabis was unlawful to possess and that there is no criminal penalty so selling Hemp without a license. The actions of all defendants are a violation under 42 U.S.C.§ 1983 .

## COUNT TWO

## (42 U.S.C. § 1983)

### As to All Defendants

**Unlawful Search In Violation of Fourth and Fourteenth Amendment of the United States Constitution**

71. Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

72. The illegal approach, pursuit, stop and grab employed by the defendants herein terminated Plaintiff's freedom of movement of his personal property namely his vehicle through means intentionally applied.

73. The conduct of the defendants in approaching, stopping, and grabbing Plaintiff Employee and thereby obtaining dominion and control over Plaintiff's property was performed under the color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

74. As a direct and proximate result of such acts, the defendants deprived Plaintiff of his rights under the United States Constitution as wells as the laws of the State of New York.

75. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

76. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

## COUNT THREE

## (42 U.S.C. § 1983)

**As to All Defendants**

**Unlawful Seizure and Deprivation of Property in Violation of Fourth and Fourteenth Amendment of the United States Constitution.**

77. Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

78. The individually named police officer defendants, while acting in concert and within the scope of their authority, caused Plaintiff's property to be seized, unlawfully searched, and detained without reasonable suspicion and/or probable cause, in violation of Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

79. As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

**COUNT FOUR**

**As to All Defendants**

**Violation of Article I, § 12 of the New York State Constitution**

80. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

81.Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 8, 9, 11, and 12, and including the following rights:

i.      freedom from unreasonable search and seizure of his property;

ii.     freedom from deprivation of property without due process of law.

82. As a direct and proximate result of the defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff suffered physical, economic, and emotional injuries, as well as a deprivation of his property.

83. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of his property.

84. As a result of the above unconstitutional conduct, the City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of respondeat superior.

## COUNT FIVE

### As to All Defendants

### Common Law Negligence

85. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

86. Defendants owed a duty of care to Plaintiff.

87. To the extent defendants claim that the injuries to Plaintiff by the defendant police officers were unintentionally caused and that the force used by the defendants against him was unintentional, then the defendants breached that duty of care by, among other things, seizing and damaging his property.

88. As a direct and proximate result of such acts, the defendants deprived Plaintiff of his rights under the laws of the State of New York.

89. All of the foregoing occurred without any fault or provocation by Plaintiff.

90. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

91. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

92. As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

**COUNT SIX**

**As to All Defendants**

**Common Law Trespass to  Personal Property**

93. Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

94. The acts and conduct of the defendants constitute the depravation of Plaintiff's possession of his vehicle, In addition, Plaintiff did not consent to the removal and relocation of his vehicle by the defendants.

95. As a direct and proximate result of such acts, the defendants deprived Plaintiff of his rights under the laws of the State of New York and the United States Constitution and the common law.

96. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

97. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

98. As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to loss of liberty, and emotional and psychological injuries.

## COUNT SEVEN

### As to All Defendants

### Common Law Trover

99. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

100. The defendants, amongst other things, seized the Plaintiff's vehicle removed it from where it was lawfully parked, and relocated it to the 113th Precinct without the Plaintiff's authorization thereby excluding the Plaintiff from such in violation of the State of New York, he United States Constitution and the common law.

101. Defendants were at all times agents, servants, and employees acting within the scope of his employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## COUNT EIGHT

### As to All Defendants

### Negligent Infliction of Emotional Distress

102. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

103. By the actions described herein, defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to Plaintiff.

104. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed to Plaintiff by the laws and Constitution of the State of New York.

105. As a direct and proximate result of such acts, the defendants deprived Plaintiff of his rights under the laws of the State of New York.

106. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

107. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

108. As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

**COUNT NINE**

**As to All Defendants**

**Negligent Hiring, Retention, Training, and Supervision**

109. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

110. The City of New York and its employees, servants, and/or agents acting within the scope of their employment did negligently hire, retain, train, and supervise defendants,

individuals who were unfit for the performance of police duties on the aforementioned dates at the aforementioned locations.

111. As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## COUNT TEN

### As to All Defendants

### Failure to Intervene

112. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

113. The defendants that did not physically touch Plaintiff, or his property but were present when other officers violated Plaintiff's Constitutional Rights had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

114. Defendants failed to intervene to prevent the unlawful conduct described herein.

115. As a result of the foregoing, Plaintiff suffered serious, debilitating, and permanent injury, his control over his personal property was restricted for an extended period, he was put in fear for his safety, and he was humiliated.

116. As a direct and proximate result of such acts, the defendants deprived Plaintiff of his rights under the laws of the State of New York.

117. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

118. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

119. As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

### COUNT ELEVEN

### As to All Police Officer Defendants

### Individual Defendant Officer's Violation of Plaintiff's AC 8-802 Rights

120. Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

121. The acts of Defendant Officers constituted conduct under the color of any law, ordinance, rule, regulation, custom, or usage.

122. The acts of Defendant Officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit:  to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

123. The Defendant Officers, while in uniform, unlawfully seized Plaintiff's personal property for approximately three (3) hours in total.

124. Because of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

### COUNT TWELVE

### As to All Defendants Police Officers

**Individual Defendant Officer's Failure to Intervene in Violation of Plaintiff's AC 8-802 Rights**

125. Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

126. The acts of Defendant Officers constituted conduct under the color of any law, ordinance, rule, regulation, custom, or usage.

127. Defendant Officers had a duty to protect Plaintiff from violations of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit:  to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

128. The Defendants that did not physically touch Plaintiff, but were present when other officer's violated Plaintiff's AC 8-802 right against unreasonable search and seizure had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

129. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failing in their duty to intervene to protect Plaintiff from violation of his rights.

130. Because of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

**COUNT THIRTEEN**

**As to All Defendants**

**City-Employer's Liability for Defendant Officer's Violation of Plaintiff's AC 8-802 Rights**

131. Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

132. Defendant Officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolman.

133. The City of New York, as the employer of the covered individual Defendant Officers, is liable to Plaintiff for the wrongdoing of the covered individual Defendant Officers.

134. The acts of Defendant Officers constituted conduct under the color of any law, ordinance, rule, regulation, custom, or usage.

135. The acts of Defendant Officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit:  to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

136. The Defendant Officers, while in uniform, unlawfully seized, and searched the Plaintiff's vehicle, before detaining Plaintiff's vehicle and property and further causing his detention for approximately three (3) hours in total.

137. Because of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

### Count Fourteen

### As to All Defendants

### City-Employer's Liability for Defendant Officer's Failure to Intervene in Violation of Plaintiff's AC 8-802 Rights

138. Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

139. Defendant Officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolman.

140. The City of New York, as the employer of the covered individual Defendant Officers, is liable to Plaintiff for the wrongdoing of the covered individual Defendant Officers.

141. The acts of Defendant Officers constituted conduct under the color of any law, ordinance, rule, regulation, custom, or usage.

142. Defendant Officers had a duty to protect Plaintiff from violations of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit:  to be secure in his person, house, papers, and effects against unreasonable searches and seizures.

143. The Defendants that did not physically touch Plaintiff's Personal Property but were present when other officers violated Plaintiff's AC 8 – 802 rights against unreasonable search and seizure had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

144. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failing in their duty to intervene to protect Plaintiff from violation of his rights.

145. Because of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

Wherefore, the plaintiff requests that this Court:
a. Award compensatory damages to the plaintiff against the defendants, jointly and severally in an amount to be determined by a jury after due trial. Not less than Fifty million dollars ($50,000,000)

b. Award the costs of this action to the plaintiff.
c. Award reasonable attorneys fees to the plaintiff under 42 U.S.C. Section 1983 and/or any other applicable laws.
d. Award punitive damages in an amount to be determined by a jury after due trial. Not less than Fifty million dollars ($50,000,000)
e. Award such other and further relief as this Court may deem appropriate.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: Jamaica , New York
August 28, 2023

LAWRENCE G. CAMPBELL
Pro Se Plaintiff
112-02 168th Street
Jamaica, NY 1433
(347) 883-0627

# EXHIBIT 1

# Certificate of Licensure
## New York State Cannabinoid Hemp Program



**Office of Cannabis Management**

Business or Legal Entity Name:  Lawrence G Campbell

Contact:  Lawrence Campbell

Address:  107-20 142 Street

Jamaca                NY              11435
CITY                  STATE           ZIP

License Type :  Cannabinoid Hemp Retail License

Date of Issuance:  17-May-2022          Date of Expiration:  17-May-2023

The Cannabinoid Hemp License or Permit holder must comply with all applicable state and local laws and regulations. This includes, but is not limited to Article 5 of the Cannabis Law and its implementing regulations. A Cannabinoid Hemp License or Permit holder's failure to comply with these laws and regulations may result in revocation of the license or permit, and the imposition of civil penalties as provided for in Cannabis Law Article 2, Article 5, and Article 6, as applicable.

License or Permit Number:  **OCM-HMPR-22-01663-001**

EXHIBIT 2



# EXHIBIT 3

# NEW YORK STATE DEPARTMENT OF STATE
## DIVISION OF CORPORATIONS, STATE RECORDS AND UNIFORM COMMERCIAL CODE
## FILING RECEIPT

| | |
|---|---|
| **ENTITY NAME :** | BUGZY'S BUDSPOT LLC |
| **DOCUMENT TYPE :** | ARTICLES OF ORGANIZATION |
| **ENTITY TYPE :** | DOMESTIC LIMITED LIABILITY COMPANY |

| | |
|---|---|
| **DOS ID :** | 6351828 |
| **FILE DATE :** | 12/16/2021 |
| **FILE NUMBER :** | 211217001208 |
| **TRANSACTION NUMBER :** | 202112160002496-454915 |
| **EXISTENCE DATE :** | 12/16/2021 |
| **DURATION/DISSOLUTION :** | PERPETUAL |
| **COUNTY :** | QUEENS |

| | |
|---|---|
| **SERVICE OF PROCESS ADDRESS :** | THE LLC<br>107-20 142 STREET,<br>JAMAICA, NY, 11435, USA |
| **FILER :** | LAWRENCE G. CAMPBELL<br>LAW OFFICE OF LAWRENCE G. CAMPBELL PLLC, 107-20 142 ST<br>JAMAICA, NY, 11435, USA |

| | |
|---|---|
| ***You may verfiy this document online at :*** | http://ecorp.dos.ny.gov |
| **AUTHENTICATION NUMBER :** | 100000790765 |

| | | | |
|---|---|---|---|
| TOTAL FEES: | $225.00 | TOTAL PAYMENTS RECEIVED: | $225.00 |
| FILING FEE: | $200.00 | CASH: | $0.00 |
| CERTIFICATE OF STATUS: | $0.00 | CHECK/MONEY ORDER: | $0.00 |
| CERTIFIED COPY: | $0.00 | CREDIT CARD: | $225.00 |
| COPY REQUEST: | $0.00 | DRAWDOWN ACCOUNT: | $0.00 |
| EXPEDITED HANDLING: | $25.00 | REFUND DUE: | $0.00 |

# EXHIBIT 4

New York State Department of Taxation and Finance

# Certificate of Authority



**VALIDATED**

**8/1/2022**

Dept of Tax
and Finance

DTF-17-A (11/14)

Identification number

**87-4037324 01**

*(Use this number on all returns and correspondence)*

**BUGZY'S BUDSPOT LLC**
**11202 168TH ST**
**JAMAICA NY 11433-3918**

is authorized to collect sales and use taxes under Articles 28 and 29 of the New York State Tax Law.

**Nontransferable**

This certificate must be prominently displayed at your place of business.
Fraudulent or other improper use of this certificate will cause it to be revoked.
The certificate may not be photocopied or reproduced.

1DB8 - 2140635   P0000247 - 01

4020109100098

# EXHIBIT 5

